FILED
IN CLERK'S OFFICE
U.S DISTRICT

☆   FEB 0   2012

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
LAWRENCE ECKSTEIN,

              Plaintiff,

   -against-

PREUSS, INC., amd ROGER PREUSS,

              Defendants.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**

09-CV-4507 (SLT)(VVP)

**TOWNES, United States District Judge:**

    On December 1, 2011, the parties in the above-captioned action, which was brought pursuant to the Fair Labor Standards Act ("FLSA"), submitted a "Stipulation for Judgment and Approval of Settlement," and a Proposed Order. The Stipulation acknowledged that FLSA cases differ from most other civil actions in that this Court must "supervise and approve" the settlement. *See* Stipulation, ¶ 7 (citing *Mohney v. Shelly's Prime Steak*, No. 06 Civ. 4270 (PAC), 2009 U.S. Dist. LEXIS 27899, at *13-14 (S.D.N.Y. Mar. 31, 2009)). Nonetheless, the Stipulation did not provide any facts relating to the settlement that would enable this Court to "scrutinize the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Accordingly, this Court referred the matter to Magistrate Judge Viktor V. Pohorelsky ("Judge Pohorelsky"), who had assisted the parties in the settlement process, for a report and recommendation regarding the fairness of the proposed settlement.

    On January 18, 2012, Judge Pohorelsky issued his report and recommendation (the "R&R"). That R&R incorporated by reference a letter authored by defendants' counsel (but jointly submitted by both parties, *see* Letter to Magistrate Judge Viktor V. Pohorelsky from Laurent S. Drogin, dated Jan. 10, 2012, at 1) detailing the considerations leading to the

settlement. The R&R also discussed Judge Pohorelsky's own involvement in the settlement negotiations, during which Judge Pohorelsky found it "clear . . . that there were legitimate disputes about the facts that militated toward compromises by both sides because of the risks of adverse findings by a jury that could affect both parties." R&R at 1. The R&R concluded that the final settlement amount yielded "a recovery for the plaintiff that, although less than what he would receive if he prevailed on all of his factual contentions, falls well within the parameters of fairness to both parties" and, therefore, recommended that the Court approve the settlement. R&R at 1-2.

The R&R was electronically mailed to the parties on January 19, 2012. Although the R&R expressly advised the parties that any objections had to be filed within 14 days of their receipt of the R&R, no objections have been received to date. The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Accordingly, the Court adopts the R&R in its entirety.

## *CONCLUSION*

For the reasons set forth above, this Court adopts Magistrate Judge Pohorelsky's Report and Recommendation dated January 18, 2012, and shall execute herewith the Proposed Order electronically submitted by the parties on December 1, 2011.

**SO ORDERED.**

                                              s/ SLT
                                            SANDRA L. TOWNES
                                            United States District Judge

Dated: February 6, 2012
       Brooklyn, New York